UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

TODD HAMMOND,

    Plaintiff,

V.

WARDEN FRANCISCO J. QUINTANA, *et al.*,

    Defendants.

Civil Action No. 5: 20-315-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Todd Hammond is an inmate currently confined at the Federal Medical Center ("FMC")-Lexington in Lexington, Kentucky. Proceeding without an attorney, Hammond has filed a civil rights action against prison officials pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1] Hammond has also filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. [R. 2] Thus, the Court must conduct a preliminary review of Hammond's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).

The Court evaluates Hammond's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Even so, a complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). *See also* Fed. R. Civ. P. 8.

In his complaint, Hammond brings claims against Defendants Francisco J. Quintana (Warden of FMC-Lexington), Lieutenant Barker, Lieutenant Scarse, Lieutenant Phillips, Unit Manager Murphy, Psychologist Dr. Erikson James, and Psychology Intern Ms. Brachett. He alleges that the Defendants each "encouraged an environment detrimental to the safety and well being of mental health patients, sex offender, and sexual assault victims." He further claims that Lt. Barker conducted an interview "with malicious intent to distress, confuse and belittle a sexual assault victim based on a hatred or dislike of sex offenders." He alleges that Warden Quintana, Lt. Scarse, Lt. Phillips, Dr. James, and Ms. Brachett failed to intervene in the interview "while Lt. Barker made me a victim with malicious intent." He also alleges that Warden Quintana "failed to follow through with appropriate actions" and that Dr. James and Ms. Brachett failed "to exercise a degree of professionalism detrimental to the health and safety of a mental health patient." Based on these allegations, Hammond claims violations of "the right to feel safe, the right to mental health, the right to confidentiality, [and] the right to not be a victim." Hammond seeks various forms of relief, including monetary damages in the amount of $1,000,000 per day from May 5, 2020, through the resolution of this lawsuit; the resignation, termination or demotion of the individual Defendants; and his immediate compassionate release.

However, the Court has reviewed Hammond's complaint and concludes that it must be dismissed. As an initial matter, Hammond's complaint consists solely of conclusory allegations and alleges no facts supporting his claims for relief. For example, while he alleges that Lt. Barker acted "maliciously" in conducting an interview with Hammond, he fails to articulate any facts supporting this conclusion. However, "a plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555.

Nor do Hammond's vague and conclusory allegations articulate what any of the other Defendants did or did not do to allegedly violate his constitutional and/or statutory rights. Federal notice pleading requires, at a minimum, that the complaint advise each defendant of what he allegedly did or did not do that forms the basis of the plaintiff's claim against him. *Iqbal*, 556 U.S. at 678; *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). Otherwise, it is unduly burdensome (if not impossible) for any particular Defendant to meaningfully respond to the claims asserted against them. To be sure, "[e]ven a pro se prisoner must link his allegations to material facts…and indicate what each defendant did to violate his rights…" *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill*, 630 F.3d at 471; *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)). "Legal conclusions that are 'masquerading as factual allegations' will not suffice." *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 563–64 (6th Cir. 2011) (quoting *Terry v. Tyson Farms, Inc.,* 604 F.3d 272, 276 (6th Cir.2010) (other citations omitted)). Nor are vague allegations that one or more of the defendants acted wrongfully or violated the plaintiff's constitutional rights sufficient. *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008). The lack of factual detail supporting Hammond's claims for relief and vague and conclusory nature of his allegations are sufficient reasons to dismiss his claims without prejudice for failure to adequately state a claim for relief. *See Iqbal*, 556 U.S. at 678; *Hill*, 630 F.3d at 470.

Indeed, Hammond does not specify any constitutional provision that he claims has been violated. Even if the Court liberally construed his complaint to allege a violation of the Eighth Amendment based on his references to "deliberate indifference," he still fails to allege facts

3

sufficient to state a claim for an Eighth Amendment violation. To establish an Eighth Amendment violation, a prisoner must demonstrate that he was deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, (1981); *Wilson v. Seiter*, 501 U.S. 294 (1991) (an Eighth Amendment claim is stated where a prisoner is denied some element of civilized human existence due to deliberate indifference or wantonness); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). However, "[e]xtreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987).

An Eighth Amendment claim has both an objective and subjective component: (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298. Thus, to state a viable Eighth Amendment claim, an inmate must allege that a prison official: 1) was actually aware of a substantial risk that the plaintiff would suffer serious harm; and 2) knowingly disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[T]o prevail under the subjective component [of an Eighth Amendment claim], a prisoner must allege specific incidents of deliberate indifference by prison officials." *Talal v. White*, 403 F.3d 423, 427 (6th Cir. 2005) (citations omitted). Hammond makes no such allegations here. Rather, Hammond makes conclusory allegations that Defendants acted "maliciously" with no accompanying allegations of fact to support such a conclusion, nor any other factual allegations to explain what, exactly, each Defendant is alleged to have done.

In addition, to the extent that Hammond seeks to impose liability on any of the Defendants based only upon their status as a supervisor, the mere fact of supervisory capacity is not enough:

an official must be personally involved in the conduct complained of because *respondeat superior* is not an available theory of liability. *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). *See also Iqbal*, 556 U.S. at 677 ("[i]n a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer."). Nor are Hammond's allegations of negligence and/or malpractice sufficient to state a claim for an Eighth Amendment violation. The subjective component of such a claim requires a showing that each Defendant was actually aware of substantial risk of harm to Hammond yet, through his or her actions, chose to consciously and deliberately disregard that risk, a much more demanding standard than mere negligence. *Farmer*, 511 U.S. at 834; *Arnett v. Webster*, 658 F. 3d 742, 751 (7th Cir. 2011) ("Deliberate indifference 'is more than negligence and approaches intentional wrongdoing.'") (quoting *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 988 (7th Cir. 1998)); *Johnson v. Karnes*, 398 F.3d 868, 875 (6th Cir. 2005) ("the requirement that the official have subjectively perceived a risk of harm and then disregarded it is meant to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment.") (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)). Hammond simply does not allege facts showing that any of the individual Defendants "subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Johnson*, 398 F.3d at 874. For these reasons, his complaint fails to state a claim for an Eighth Amendment violation.

In addition to the pleading defects, Hammond freely admits that he has not exhausted his administrative remedies with respect to his claims. Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner wishing to challenge the circumstances or conditions of his

confinement must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Campbell v. Barron*, 87 F. App'x 577, 577 (6th Cir. 2004). The "mandatory language [of the PLRA] means a court may not excuse a failure to exhaust." *Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016). If the failure to exhaust administrative remedies is apparent from the face of the complaint, it is subject to dismissal upon initial screening. *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *1 (6th Cir. July 17, 2017); *Barnett v. Laurel Co., Ky.*, No. 16-5658, 2017 WL 3402075, at *1 (6th Cir. Jan. 30, 2017). *See also Jones v. Bock*, 549 U.S. at 214-15 (district court may dismiss complaint *sua sponte* when it is apparent from the face of the complaint that claim is barred by affirmative defense).

The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff, and then to institute a formal grievance with the warden within twenty days. 28 C.F.R. § 542.13, 542.14(a). If the prisoner is not satisfied with the warden's response, he or she must appeal to the appropriate regional office within twenty days, and if unsatisfied with that response, to the General Counsel within thirty days thereafter. 28 C.F.R. § 542.15(a). *See* BOP Program Statement 1300.16.

Here, Hammond concedes he has not exhausted his administrative remedies, explaining that he would have had to have started with the Lieutenants and he was worried about retaliation and was "too embarrassed after interview and upset to think straight." [R. 1 at p. 7] However, even if this were the case, by regulation, if an inmate reasonably believes that an issue is "sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit a Remedy Request directly to the appropriate Regional

6

Director. 28 C.F.R. § 542.14(d)(1).  Hammond did not do so, but rather says that he filed emails with the Unit Team and Warden, but got no response. [R. 1 at p. 7]   However, because "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," the inmate must strictly follow the jail's rules with respect to the timelines, form, and procedures for inmate grievances. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).   Hammond's complaint establishes that he failed to do so here.

Where a plaintiff has filed a complaint prior to fully exhausting his available administrative remedies, a district court may properly dismiss the complaint without prejudice to afford the plaintiff the opportunity to properly invoke and follow the jail's grievance procedures with respect to his concerns.  *Napier v. Laurel County*, 636 F.3d 218, 222 (6th Cir. 2011).  Because Hammond admits that he has not exhausted his administrative remedies available via the BOP's grievance process, his claims are premature, rendering dismissal of his complaint without prejudice appropriate.  In light of these circumstances, the Court will decline to assess the filing fee in this case and dismiss Hammond's complaint without prejudice to his ability to institute a new action by filing a proper complaint after he has exhausted his administrative remedies with respect to his claims.

Accordingly, it is hereby **ORDERED** as follows:

1. Hammond's complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE** to his ability to re-file his claims in a new case after the administrative remedy process is complete.

2. Hammond's motion to proceed *in forma pauperis* [R. 2] is **DENIED AS MOOT**.

3. **JUDGMENT** shall be entered contemporaneously with this Order.

4. This matter is **STRICKEN** from the Court's docket.

Dated July 29, 2020



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY